JOSIAH DUNHAM *vs.* CITY OF BOSTON.

A city ordinance provided that the land commissioners of the city should have the disposal of the public lands, subject to the approval of the mayor. The city council authorized the land commissioners to sell a certain lot of land on the same terms as they were authorized to sell the public lands. A. made to them a written offer for it. The land commissioners passed a vote recommending the sale of the interest of the city in the lot to A. for the price offered by him. This vote was sent to the mayor, who wrote his approval upon it. A deed of the lot to A. was accordingly prepared by the city solicitor, but was never signed. *Held*, that there was no contract on the part of the city, of which A. could enforce specific performance.

BILL IN EQUITY to enforce specific performance of a contract to convey to the plaintiff a tract of land in South Boston, called the burial-ground lot. The answer denied the making of any such contract.

At the hearing in this court, before *Chapman*, J., it appeared that in October 1858, by concurrent vote of both branches of the city council of Boston, the board of land commissioners were authorized to sell the lot upon the same terms and with

the same limitations as they were by ordinance then authorized to sell the public lands. By the city ordinance then in force (see City Ordinances of Boston, ed. of 1863, 481, § 3,) it was provided that the land commissioners should have the disposal of the public lands belonging to the city, subject to the approval of the mayor, and also to certain limitations now immaterial. The commissioners decided to sell this lot, and advertised the same, and the plaintiff sent to them, on or about the 1st of August 1862, a written offer of six hundred dollars for the interest of the city therein. On the 11th of August 1862 the land commissioners voted " that we recommend, on the part of the board of land commissioners, the sale and transfer by quitclaim deed, for the sum of six hundred dollars, cash, all the right, title and interest the city of Boston may have in and to the lot of land located in South Boston, and bounded by Dorchester, Seventh, and F Streets, and known as the burial-ground lot, to Josiah Dunham, Esq. who has made that offer for it; all other parties who have ever expressed any desire to purchase having been duly notified, and no other offer being made us for the property. It being expressly understood, as a condition of said transfer, that said Dunham, nor his assigns, or any party claiming under him or them, shall never make any claim upon the city of Boston for land that may be taken by said city for the widening of any of the streets crossing or bounding upon said land."

This vote was taken to the mayor for his approval, and he kept it till December, and then signed his approval upon it, and it was then taken to the city solicitor, who prepared the form of a deed, but one of the aldermen made some objection, and the deed was not signed. About the 15th of December 1862 the plaintiff offered to pay the superintendent of lands for the deed, and was told that it would be time enough to pay when he got the deed.

The case was reserved, upon these facts and others which are now immaterial, for the determination of the full court

*S. Bartlett & G. F. Homer*, for the plaintiff.

*J. P. Healy*, for the defendants.

CHAPMAN, J.  The court are of opinion that the evidence does not prove that the defendants contracted with the plaintiff for the sale of the land to him.  The vote passed on the 11th of August does not import a contract, even when approved by the mayor.  It was not communicated to the plaintiff as a contract, and it does not appear that it was intended to be so.  On the contrary, it was to be communicated to the proper officers of the city as an authority to them to execute a deed, and it contemplates the deed as the only contract which the city was to make with the plaintiff.  It was thus a mere preliminary to the completion of the contract.  This construction of the vote makes all the other points that have been argued immaterial.

*Bill dismissed with costs.*